IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTHONY DOE, A Minor,
by His Parents and Next Friends,
James and Joellen Doe,

        Plaintiffs,

        v.

DUBLIN CITY SCHOOL DISTRICT,

        Defendant.

Case No. 2:09-cv-738
JUDGE GREGORY L. FROST
Magistrate Judge Mark R. Abel

## OPINION AND ORDER

This matter is before the Court for consideration of a motion to dismiss (Doc. # 14) filed by Defendant, a memorandum in opposition (Doc. # 21) filed by Plaintiffs, and a reply memorandum (Doc. # 24) filed by Defendant. Also before the Court is a motion for attorney's fees and costs (Doc. # 17) filed by Plaintiffs, a memorandum in opposition (Doc. # 22) filed by Defendant, and a reply memorandum (Doc. # 25) filed by Plaintiffs. For the reasons that follow, the Court finds only the motion to dismiss well taken.

### I. Background

According to the Complaint, the factual allegations of which this Court must necessarily accept as true, James and Joellen Doe are the parents of Anthony Doe, a minor enrolled in an elementary school in the Dublin City School District in Dublin, Ohio. During the 2008-09 school year, Anthony's performance in school decreased and he began to have difficulties, including anger issues and what is described as demonstrated explosive behavior. The student also began to make comments about committing suicide and he refused to attend school.

In March 2009, Joellen Doe requested that the school district conduct a Multi-Factored

Evaluation ("MFE") of Anthony. The elementary school principal purportedly declined to conduct such an evaluation on the grounds that it was too late in the school year. Anthony underwent a psychiatric evaluation in April 2009, however, which resulted in a diagnosis of Attention Deficit Hyperactivity Disorder, Asperger's Disorder, Anxiety Disorder, and Major Depressive Disorder characterized as severe. On May 6, 2009, Joellen Doe provided the school guidance counselor with a report from Anthony's treating psychiatrist that identified these diagnoses and again requested that the school perform an MFE so that an Individualized Education Plan ("IEP") could be developed for her son.

On May 12, 2009, various school administrators met to discuss Anthony's alleged conditions. The administrators subsequently issued a written notice to James and Joellen Doe indicating that they were not going to initiate the MFE. The Does appealed and requested a hearing on the decision. On June 12, 2007, the Does then met with school officials who agreed to contact Anthony's psychologist and psychiatrist. The officials advised the Does that even if the District were to conclude that an IEP was warranted, no such plan would be in place until at least October 2009. Such a plan would be nearing completion in August 2009, the officials advised, so as to enable Anthony to return to school that month.

The District provided the Does with a proposed behavior intervention plan on August 5, 2009, and proposed that the parties meet two to three days prior to the new school year commencing in August 2009. The Does then made a second request for an MFE on August 13, 2009, and submitted an additional report from Anthony's psychologist and a report from an expert in leaning disabilities and behavior disorders. On August 19, 2009, less than a week before the start of the new school year, the Does again met with school officials. The District

did not concede that Anthony had a disability and denied the request for an IEP.

On August 21, 2009, James Doe, Joellen Doe, and Anthony Doe filed the instant action, asserting a claim under the Individuals with Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C. § 1401 *et seq.*,[1] a claim under Section 504 of the Rehabilitation Act of 1973 ("the Rehabilitation Act"), 29 U.S.C. § 794a *et seq.*, and a claim under the American with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.* (Doc. # 1.) Plaintiffs also filed a combined motion for a temporary restraining order and for a preliminary injunction (Doc. # 3), and the parties thereafter reached an agreement concerning the development of the MFE and other accommodations, resulting in an Agreed Order (Doc. # 10).

Defendant Dublin City School District subsequently filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Doc. # 14.) Plaintiffs in turn filed the motion for attorney's fees and costs. (Doc. # 17.) The parties have completed briefing on both motions, which are ripe for disposition.

## II. Discussion

**A. Standard Involved**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires an assessment of whether the party asserting a claim has set forth a claim upon which the Court may grant relief. This Court must construe the pleading in favor of the party asserting a claim, accept the factual allegations contained in that party's pleading as true, and determine whether the

---

[1] In 2004, Congress reauthorized the Individuals with Disabilities Education Act ("IDEA") as the IDEIA. *See* Pub.L. No. 108-446, 118 Stat. 2647 (Dec. 3, 2004), effective July 1, 2005. Throughout this Opinion and Order, statutory references will be to the IDEIA, except when quoted in opinions as the IDEA.

factual allegations present a plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The Supreme Court has explained, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Accordingly, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950

To be considered plausible, a claim must be more than merely conceivable. *Bell Atlantic Corp.*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). What this means is that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

**B. Analysis**

Defendant moves for dismissal on the grounds that Plaintiffs have failed to exhaust their administrative remedies as required by the IDEIA, the Rehabilitation Act, and the ADA. The school district directs this Court to various supporting authority, including *Bishop v. Oakstone Academy*, 477 F. Supp.2d 876 (S.D. Ohio 2007) ("*Bishop I*"). In *Bishop I*, another judicial officer in this District explained:

4

> It is well settled that a plaintiff must exhaust administrative remedies before bringing suit to obtain relief that is available under the IDEA. 20 U.S.C. § 1415(1); *Doe v. Smith*, 879 F.2d 1340, 1343 (6th Cir. 1989); *Crocker v. Tennessee Secondary Sch. Athletic Ass'n*, 873 F.2d 933, 935 (6th Cir. 1989). The IDEA specifically provides for a due process hearing and a subsequent appeal at the state agency level. 20 U.S.C. § 1415(f), (g).
>
> Moreover, Plaintiff may not avoid the exhaustion requirement of the IDEA by also stating claims under the Rehabilitation Act, ADA, or bringing suit for money damages under 42 U.S.C. § 1983 if the Plaintiff's claims are also actionable under the IDEA. *Cordrey v. Euckert*, 917 F.2d 1460, 1475-76 (6th Cir. 1990); *J.S. v. Attica Cent. Schs.*, 386 F.3d 107, 112 (2d Cir. 2004) (holding that the plaintiff's "claims under § 504 of Rehabilitation Act and § 1983, both of which sought to ensure free appropriate public education that was also available under IDEA, were both subject to IDEA exhaustion requirement"); *Covington v. Knox Sch. Sys.*, 205 F.3d 912, 916 (6th Cir. 2000).

*Id.* at 882-83 (footnotes omitted). Based on this rationale, the judge in *Bishop I* concluded that a plaintiff who had failed to exhaust his administrative remedies could not proceed with claims under the IDEA, the Rehabilitation Act, or the ADA, unless that plaintiff proved that pursuing the administrative remedies would have been futile or inadequate. *Id.* at 883. *See also Allensworth-Cannaday v. Windham Exempted Vill. Sch. Dist.*, No. 1:07-CV-01109, 2007 WL 3129818, at *4-5 (N.D. Ohio Oct. 23, 2007) (holding that federal claims that sufficiently relate to alleged IDEA violations are sibject to the IDEA's exhaustion requirement). The undersigned has previously recognized this conclusion. *Bishop v. Children's Ctr. for Developmental Enrichment*, No. 2:08-cv-766, 2009 WL 585809, at *4 (S.D. Ohio Mar. 6, 2009) ("*Bishop II*").

*Bishop I* is grounded in precedent. The Sixth Circuit has explained that "[p]laintiffs bringing claims under the IDEA are generally required to exhaust their administrative remedies before bringing a civil action." *Donoho ex rel. Kemp v. Smith County Bd. of Educ.*, 21 F. App'x 293, 296 (6th Cir. 2001). This is because "[e]xhaustion 'enables the agency to develop a factual record, to apply its expertise to the problem, to exercise its discretion, and to correct its own

5

mistakes, and is credited with promoting accuracy, efficiency, agency autonomy, and judicial economy.' " *Id.* (quoting *Christopher W. v. Portsmouth Sch. Comm.,* 877 F.2d 1089, 1094 (1st Cir.1989)). The court of appeals has also recognized potential exceptions, stating:

> There are "narrow exceptions to the exhaustion requirement." *Crocker*, 873 F.2d at 936. "Exhaustion is not required if it would be futile or inadequate to protect the plaintiff's rights. Nor is exhaustion required if the plaintiffs were not given full notice of their procedural rights under the IDEA." [*Covington v. Knox County School System*, 205 F.3d 912, 917 (6th Cir. 2000) (citations omitted)]. The " *burden* of demonstrating futility or inadequacy *rests on the party seeking to bypass the administrative procedures.*" *Ibid.* (citing *Honig*, U.S. 484 at 327 (1988)) (emphasis added). Although we do not appear to have spoken directly regarding the burden when due process violations are asserted, it is a general rule that the "burden of demonstrating an exception from the exhaustion requirement falls on the party seeking to avoid the requirement." *Rose v. Yeaw*, 214 F.3d 206, 211 (1st Cir. 2000) (discussing due process violations of the IDEA, among other possible exceptions).

*Id.* at 297.

The complaint in this case points to the unexhausted administrative procedures. Paragraphs 24 and 25 of the complaint provide:

> 24. The District has completely disregarded and has repeatedly failed to abide by the statutory deadlines set forth in the IDEA. The resulting delays have in effect denied Plaintiffs the due process to which they are entitled under the IDEA, rendering the administrative process futile and inadequate.
> 25. Because Plaintiffs have been denied meaningful due process by Defendant's failure to comply with the statutory requirements of the IDEA, Plaintiffs are excused from exhausting their administrative remedies prior to initiating this lawsuit.

(Doc. # 2 ¶¶ 24-25.) When a complaint acknowledges the existence of administrative procedures that a plaintiff is attempting to bypass, a plaintiff cannot then deny the existence of those procedures. *Donoho ex rel. Kemp*, 21 F. App'x at 298 n.4. Plaintiffs wisely do not assert that they did not know of the administrative requirements. Rather, similar to the plaintiffs in *Bishop*

*I*, Plaintiffs here concede that they failed to exhaust their administrative remedies. Also similar to the *Bishop I* plaintiffs, Plaintiffs argue that pursuit of the administrative process here would have been futile or inadequate, thereby excusing the failure to exhaust.

Having set forth the context of the exhaustion issue, this Court turns to a threshold issue raised by the briefing: whether Defendant can assert its failure to exhaust argument in a Rule 12(b)(6) motion. Plaintiffs argue that because the United States Supreme Court held in 2007 that a failure to exhaust under the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, should be treated as an affirmative defense, Defendant cannot raise the analogous defense here via a Rule 12(b)(6) motion. *See Jones v. Bock*, 549 U.S. 199, 212 (2007). Plaintiffs suggest that summary judgment is the appropriate mechanism for Defendant to pursue, and Defendant in its reply memorandum suggests that this Court transform its motion into one for summary judgment and then consider belatedly submitted summary judgment evidence.

Plaintiffs err in their reading of *Jones*. The Supreme Court did not hold that a defendant cannot raise a failure to exhaust in a Rule 12(b)(6) motion in *Jones*. In fact, the Supreme Court noted expressly that it was *not* saying "that failure to exhaust cannot be a basis for dismissal for failure to state a claim." *Id.* at 216. *Jones* held only that exhaustion need not be pled and that the burden of demonstrating a failure to exhaust is on a defendant. *Id.* The Sixth Circuit has recognized as much, citing *Jones* to support the conclusion that "it remains possible for failure to exhaust to be a basis for dismissal under Fed. R. Civ. P. 12(b)(6)." *Feathers v. McFaul*, 274 F. App'x 467, 469 (6th Cir. 2008).

Plaintiffs' reliance on a district court that declined to consider exhaustion under Rule 12 therefore does not prove persuasive here. *See B.H. v. Portage Pub. Sch. Bd. of Educ.*, No. 1:08-

7

cv-293, 2009 WL 277051, at *3-4 (W.D. Mich. Feb. 2, 2009) (converting Rule 12(b)(1) motion into Rule 56 motion). More compelling is that the Sixth Circuit has affirmed a Rule 12(b)(6) dismissal predicated on a failure to exhaust under the PLRA. *See Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Additionally, numerous courts have considered the exhaustion issue in the context of a Rule 12(b) motion, including Rule 12(b)(6) motions. *See H.A. v. Teaneck v. Bd. of Educ.*, No. 2:09-CV-3301 (PGS), 2010 WL 891830 (D.N.J. Mar. 10, 2010); *Brooks v. Central Dauphin Sch. Dist.*, No. 1:09-cv-2482, 2010 WL 771627 (M.D. Pa. Feb. 26, 2010); *Sch. Bd. of Manatee County, Fla. v. L.H. ex rel. D.H.*, 666 F. Supp. 2d 1285, 1289 n.5 (M.D. Fla. 2009) ("application of the circuit's prior precedent rule would suggest that exhaustion is not jurisdictional and Rule 12(b)(6)'s standard of review applies" (citing *Walker v. Mortham,* 158 F.3d 1177, 1188-89 (11th Cir. 1998))); *C.B. v. Sonora Sch. Dist.*, No. CV-F-09-285 OWW/DLB, 2009 WL 3077989 (E.D. Cal. Sept. 22, 2009); *Douglass v. Dist. of Columbia*, 605 F. Supp. 2d 156 (D.D.C. 2009); *Levine v. Greece Cent. Sch. Dist.*, No. 08-CV-6072, 2009 WL 261470 (W.D.N.Y. Feb. 4, 2009). This Court shall therefore proceed to address the merits of the exhaustion argument within the context of the Rule 12(b)(6) motion *sub judice*.

In addressing the exhaustion issue, a judge in the Northern District of Ohio has noted that " 'the [d]ispute over exhaustion reduces to one issue: whether there is a meaningful administrative enforcement mechanism for the vindication of personal rights.' " *Horen v. Bd. of Educ. of Toledo City Sch. Dist.*, 568 F. Supp. 2d 850, 857 n.7 (N.D. Ohio 2008) (quoting *Riley v. Ambach*, 668 F.2d 635, 641 (2d Cir. 1981)). Plaintiffs argue that they meet the futile or inadequate standard because Defendant has failed to abide by the IDEIA's procedural requirements, has acted in bad faith, and has effectively excluded the minor from attending

8

school and obtaining an effective remedy. But Plaintiffs' arguments fail to indicate that there is not an administrative mechanism to vindicate their rights.

Plaintiffs' allegations of slow and purportedly indifferent or contrary action on the part of the school district do not salvage the instant action. The core of Plaintiffs' pleading and arguments against dismissal–that Defendant is simply acting in bad faith–fails to provide a basis for excusing a failure to exhaust. The Sixth Circuit has held that simply asserting that a school district acted in bad faith or otherwise wrongly does nothing to show that this wrong cannot be corrected through the administrative process so as to excuse a failure to exhaust. *Donoho ex rel. Kemp*, 21 F. App'x at 298. Such "allegations of the Defendant's malice do not justify bypassing the administrative processes; rather, these allegations are exactly the type that are properly presented in such proceedings." *Allensworth-Cannaday*, 2007 WL 3129818, at *5. Moreover, the fact that the school district has reacted at best with a degree of tardiness or at worst with skepticism does not prove conclusive of whether the administrative process will fail Plaintiffs. Speculation that a plaintiff will not prevail under the administrative process does not automatically render that process futile or inadequate because "[t]o the extent that the Plaintiffs remain aggrieved following the administrative procedures, the [IDEIA] envisions that they may proceed to federal court." *Id.*

Plaintiffs argue that the beginning of the school year presents cause for excusing their failure to exhaust. But courts have required exhaustion when some of the school year remains and a student has not yet graduated. *See, e.g, id.* at *6. The instant case is therefore distinguishable from those cases in which the allegedly injured child involved had already graduated from school, rendering pursuit of any administrative remedies futile. *See, e.g.*,

9

*Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 916-17 (6th Cir. 2000). Any failure here to conduct an evaluation prior to the beginning of the school year does not automatically render the administrative process futile or inadequate.

Plaintiffs also assert that the child involved here "was forced to remain out of school because of the school district's failure to provide an appropriate placement." (Doc. # 21, at 4.) The Sixth Circuit has held, however, that "parents may not avoid the state administrative process through 'the unilateral act of removing their child from a public school.' " *Covington*, 205 F.3d at 918 (quoting *Doe v. Smith*, 879 F.2d 1340, 1343 (6th Cir. 1989)).

### III. Conclusion

For the foregoing reasons, this Court **GRANTS** Defendant's motion to dismiss. (Doc. # 14.) Having concluded that dismissal is warranted, the Court accordingly **DENIES** Plaintiffs' motion for attorney's fees and costs. (Doc. # 17.) Plaintiffs cannot be said to be prevailing parties in litigation that is not and has never been properly before this Court.

The Clerk shall enter judgment accordingly and terminate this case upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division, at Columbus.

**IT IS SO ORDERED.**

    /s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE